UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

TIMOTHY H. VOSHELL, fdba NOTHIN'          Case No. DG 13-00454
BUT TRUCK, INC, fdba NOTHIN' BUT          Chapter 7
TRUCK II, LLC,                            Hon. Scott W. Dales

        Debtor.
_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

On August 1, 2013, Timothy Voshell (the "Debtor") filed a Motion to Reopen Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) to Allow Conversion to Chapter 13 Pursuant to 11 U.S.C. § 706(a) and Waiver to Set Aside Discharge Order Pursuant to 11 U.S.C. § 727(a)(10) (the "Motion," DN 16). The court held a hearing on the Motion on September 4, 2013 in Grand Rapids, Michigan, and took the matter under advisement.

At the hearing, Debtor's counsel explained that the Debtor filed a chapter 7 petition on January 22, 2013 and received a discharge of his debts on May 13, 2013. The Debtor's ex-wife, however, has continued to pursue him for a divorce-related property settlement claim of $20,000.00, for example by executing a writ of garnishment against him on June 28, 2013. Because the Debtor does not wish to go through the expense of litigating the non-dischargeability aspect of the property settlement, but also cannot afford to have 26% of his income garnished, he requests that his chapter 7 case be "reopened" to allow him to convert his

case to chapter 13, and further asks the court to set aside his chapter 7 discharge, presumably so that he will be eligible for a chapter 13 discharge after he completes his plan payments.

To the extent the Motion seeks to reopen the Debtor's case, that relief is unnecessary. The discharge did not close the case, and the case has been pending (and open) since its inception on the petition date.

To the extent the Motion seeks to convert the case to chapter 13, the court also hesitates because it suspects that the Debtor's proposed conversion is premised on setting aside the chapter 7 discharge. The Debtor has apparently concluded that he would be better served by obtaining a discharge under § 1328(a), rather than § 727(a) because a chapter 13 discharge includes debts like the Debtor's ex-wife's property settlement claim. *See* 11 U.S.C. § 523(a)(15). Converting his case to chapter 13, and having the court set aside his chapter 7 discharge, could stop  his ex-wife from enforcing  her claim, and would also allow him to pay her property settlement claim at a rate more affordable to him — *pro rata* with other unsecured creditors— before discharging the claim.

Section 1328(f), however, precludes the court from granting a chapter 13 discharge "if the debtor has received a discharge . . . in a case filed under chapter 7 . . .during the 4-year period preceding the date of the order for relief" under chapter 13. 11 U.S.C. § 1328(f)(1).   The conversion of a case from chapter 7 to chapter 13 constitutes just such an order for relief in the chapter 13 case. *See* 11 U.S.C. § 348(a). Therefore, unless the Debtor is permitted to waive his chapter 7 discharge, or unless the court revokes it, he is ineligible for a chapter 13 discharge.

In the Motion papers, the Debtor originally said he intended to waive his chapter 7 discharge, but a waiver would not be effective because discharge waivers must be executed before entry of the discharge.  *See* 11 U.S.C. § 727(a)(10).

The Debtor is also unable to revoke his own discharge because such relief is not authorized by the statute. The trustee, a creditor, or the United States Trustee may seek revocation, but the statute does not identify debtors among the entities who may seek such relief. *See* 11 U.S.C. § 727(d). Moreover, the Debtor would hardly be eager to demonstrate the necessary grounds to do so, which generally require a showing of misconduct on his part. *Id.*

The only avenue left open to the Debtor is the possibility that the court might vacate or "set aside" the discharge under Rule 60.[1]  Indeed, at the hearing, the Debtor's argument focused largely on Rule 60(b)(3) (relief from a final judgment or order based on fraud, misrepresentation, or misconduct by an opposing party).  He argues that his ex-wife's misconduct satisfies the fraud or misconduct required by the rule, contending that she improperly and maliciously initiated a whispering campaign against him, accusing him of various bad acts which prompted an IRS tax audit, questions from his employer, an adversary proceeding under § 523(a)(6), and a Rule 2004 examination presumably to uncover allegedly hidden assets.

His ex-wife's alleged misconduct, however, is not the type of "fraudulent" conduct that meets the requirements of Rule 60(b)(3).  In order to set aside the Debtor's discharge under this rule, the Debtor must demonstrate some purposeful "bad act" on the part of an opposing party (his ex-wife) that adversely impacted the fairness of the relevant legal proceeding — here the entry of his chapter 7 bankruptcy discharge. *See Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th Cir. 1996).  "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those that are

---

[1] *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable in bankruptcy cases). The Debtor did not mention this rule in his Motion, but instead raised it at the hearing.

factually incorrect." *Id.* Even crediting the Debtor's unflattering report of this ex-wife's crusade against him, nothing that she is alleged to have done fraudulently induced the court to enter the discharge. Rule 60(b)(3) provides no basis for setting aside the discharge.

Other provisions within Rule 60 generally authorize a court to correct mistakes and oversights that cause the judgment to be void, voidable, incorrect, or unjust, but none appear to be applicable or advanced here. After expiration of the prescribed deadlines and acting promptly as the rules require, the court properly entered the Debtor's discharge when and as intended. *See* Fed. R. Bankr. P. 4004(c) (directing the court to enter discharge "forthwith"); *see also In re Smith et al.*, 467 B.R. 122 (Bankr. W.D. Mich. 2012). There was nothing incorrect, wrongful, fraudulent, or unjust about the discharge. The ex-wife's "bad acts" did not cause the court to err in granting the discharge, or affect the entry in any way.

Rather, her alleged smear campaign simply caused the Debtor to reconsider whether he would be better off in chapter 13, with its greater protection against property settlement claims. A debtor's regret at proceeding under chapter 7, or his belief in retrospect that he might fare better under another chapter, are not among the reasons for setting aside a perfectly appropriate order under Rule 60(b), or ignoring a federal statute and the strong federal policy favoring finality of court orders, including the discharge in this case. Consequently, the court will not set aside the discharge.

Finally, the Debtor invokes the court's authority under § 105(a). Relief under that section, however, is only available to carry out other provisions of the Bankruptcy Code, not to subvert them. For the reasons just given, setting aside the discharge runs contrary to several provisions of the Bankruptcy Code, and the requirement of finality. It is not enough that

granting the relief the Debtor seeks would give him a fresher start than the court has already afforded him by entering the chapter 7 discharge.

Because the court will not set aside the discharge, and because it suspects the request to convert to chapter 13 depended largely on that predicate, the court will deny the motion to convert without prejudice.  If the Debtor decides he still wishes to pursue relief under chapter 13, he may do so by filing a renewed motion to that effect.  If the Debtor renews the request to convert within 14 days after entry of this Opinion and Order, the court will grant the renewed motion without additional hearing or delay.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 16) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Timothy H. Voshell, Kimberly S. Young, Esq., Thomas A. Bruinsma, chapter 7 trustee, Steven L. Rayman, Esq., and all parties appearing on the Debtor's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 9, 2013**



Scott W. Dales
United States Bankruptcy Judge